UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>CHRISTOPHER GUTIERREZ<br><br>*Defendant.* | **Case No. 1:23-mj-258 (RMM)** |

**STIPULATION TO CONTINUE STATUS HEARING**

The parties, through their respective counsel, JULIE BESSLER, Assistant United States Attorney, counsel for the government, and KARA R. OTTERVANGER, Assistant Federal Defender, counsel for the defendant, CHRISTOPHER GUTIERREZ, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 14, 2023.

2. On December 11, 2023, the parties moved to continue the case to February 2024.

3. On December 13, 2023, the Court granted a continuance to February 15, 2024. The Government is not available on that date.

4. By this stipulation, the parties now move this Court to continue the status conference (now scheduled for February 15, 2024) until the following Tuesday, February 20, 2024, at 1:00 P.M. and to exclude time through February 20, 2024.

5. The parties agree and stipulate, and request that the Court find the following:

a) The discovery associated with this case is voluminous and includes investigative reports, photographs and videos, as well as surveillance videos. The Government is in the process of producing the discovery in this case, and has yet to make a production available to the defense.

b)	Counsel for defendant desires additional time to consult with his/her client, conduct investigation, review the voluminous discovery, and prepare for a possible trial.

c)	Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)	The government does not object to the continuance.

e)	The defendant has been released on pretrial services' supervision and is not in custody pending trial.

g)	Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)	For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 14, 2023 to February 20, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because the continuance results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6.	Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Based on the above, the parties further agree that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Accordingly, for the purpose of computing time

under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 14, 2023, to February 20, 2024, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

          Respectfully submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY

Dated: December 14, 2023

          /s/ *Julie Bessler*
          JULIE BESSLER
          Assistant United States Attorney
          District of Columbia

Dated: December 14, 2023          HEATHER E. WILLIAMS
          Federal Defender

          /s/ *Kara R. Ottervanger*
          KARA R. OTTERVANGER
          Assistant Federal Defender
          GRIFFIN ESTES
          Assistant Federal Defender
          Attorneys for Defendant
          CHRISTOPER GUTIERREZ