UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>CHRISTOPHER GUTIERREZ<br><br>*Defendant.* | Case No. 1:23-mj-258 (RMM) |

**STIPULATION TO CONTINUE STATUS HEARING**

The parties, through their respective counsel, JULIE BESSLER, Assistant United States Attorney, counsel for the government, and KARA R. OTTERVANGER, Assistant Federal Defender, counsel for the defendant, CHRISTOPHER GUTIERREZ, hereby stipulate as follows:

1. By previous order, this matter was set for a status hearing on February 20, 2023.

2. By this stipulation, the parties now move this Court to continue the status conference until April 16, 2024, at 1:00 P.M. and to exclude time through April 16, 2024.

3. The parties agree and stipulate, and request that the Court find the following:

a) The discovery associated with this case is voluminous and includes investigative reports, photographs and videos, as well as surveillance videos. The Government has produced most, if not all, discovery in this case to the defense.

b) Counsel for defendant desires additional time to consult with his/her client, conduct investigation, review the voluminous discovery, consider settlement options, and/or prepare for a possible trial.

c) Counsel for defendant believes that failure to grant the above-requested

continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)        The government does not object to the continuance.

        e)        The defendant has been released on pretrial services' supervision and is not in custody pending trial.

        g)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        h)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 20, 2024 to April 16, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because the continuance results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

        6.        Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Based on the above, the parties further agree that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Accordingly, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 20, 2024 to April 16, 2024, inclusive, is excludable pursuant to 18 U.S. C. § 3161(h)(7)(A) and (B)(iv).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

Dated: February 14, 2024

/s/ *Julie Bessler*
JULIE BESSLER
Assistant United States Attorney
District of Columbia


Dated: February 14, 2024                    HEATHER E. WILLIAMS
                                            Federal Defender


                                            /s/ *Kara R. Ottervanger*
                                            KARA R. OTTERVANGER
                                            Assistant Federal Defender
                                            GRIFFIN ESTES
                                            Assistant Federal Defender
                                            Attorneys for Defendant
                                            CHRISTOPER GUTIERREZ