# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*Plaintiff,*<br><br>v.<br><br>**CHRISTOPHER GUTIERREZ**<br><br>*Defendant.* | **Case No. 1:23-mj-258 (RMM)** |

## STIPULATION TO CONTINUE STATUS HEARING

The parties, through their respective counsel, JULIE BESSLER, Assistant United States Attorney, counsel for the government, and KARA R. OTTERVANGER, Assistant Federal Defender, counsel for the defendant, CHRISTOPHER GUTIERREZ, hereby stipulate as follows:

1. By previous order, this matter was set for a status hearing on April 16, 2024.

2. By this stipulation, the parties now move this Court to continue the status conference until April 30, 2024, at 1:00 P.M. and to exclude time through April 30, 2024.

3. The parties agree and stipulate, and request that the Court find the following:

   a) Mr. Gutierrez has very recently had a death in the family that requires his attention during the presently scheduled hearing. He would like some additional time to attend to family matters.

   b) The parties have been diligently working toward a resolution in this case.

   c) The government does not object to the continuance.

   d) The defendant has been released on pretrial services' supervision and is not in custody pending trial.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 16, 2024 to April 30, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because the continuance results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Based on the above, the parties further agree that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Accordingly, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 16, 2024 to April 30, 2024, inclusive, is excludable pursuant to 18 U.S. C. § 3161(h)(7)(A) and (B)(iv).

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY

Dated: April 11, 2024

        /s/ *Julie Bessler*
        JULIE BESSLER
        Assistant United States Attorney
        District of Columbia

Dated:  April 11, 2024                             HEATHER E. WILLIAMS
                                                     Federal Defender

                                                     */s/  Kara R. Ottervanger*
                                                     KARA R. OTTERVANGER
                                                   Assistant Federal Defender
                                                   GRIFFIN ESTES
                                                   Assistant Federal Defender
                                                   Attorneys for Defendant
                                                   CHRISTOPER GUTIERREZ